AO 106 (Rev. 06/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Southern District of California

SEP 1 3 2019

| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) | Case No. |
| | ) | |
| SIM Card | ) | |
| ICCID: 8952020218410767287 | ) | '19 MJ 3937 |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3.

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| 21 U.S.C. 952 and 960 | Importation of Controlled Substances |

The application is based on these facts:

See Affidavit of HSI Special Agent Jonathan Hutchinson, which is hereby incorporated by reference and made part hereof.

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Jonathan Hutchinson, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 9/13/19

_____
*Judge's signature*

City and state: San Diego, CA

Hon. Linda Lopez, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**

I, Jonathan Hutchinson, Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn, hereby state as follows:

**INTRODUCTION**

1.     I am a Special Agent (SA) with Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI).  I am the case agent investigating RAMON MARQUEZ GARCIA and other unknown co-conspirators for importation of methamphetamine from Mexico into the United States on or about July 4, 2019.

2.     On or about August 21, 2019, I applied for and obtained warrants to search the following items:

> One Black Cellular Telephone
> In Evidence Bag A5993642
> (**Target Device 1**);
>
> Subscriber Identity Module (SIM) Card
> ICCID: 8952020918614471723
> (**Target Device 2**);
>
> SIM Card
> ICCID: 8952020218410767287
> (**Target Device 3**);
>
> SIM Card
> ICCID: 8952020918310640373
> (**Target Device 4**);

and seize evidence of crimes, specifically, violations of Title 21, United States Code, Section(s) 952 and 960.  A copy of the applications and affidavits in support of the search warrants, which I signed and swore to before U.S. Magistrate Judge Bernard G. Skomal and which were filed as Case Nos. 19-MJ-3548 to 19-MJ-3551, are attached to this affidavit and incorporated by reference (hereinafter, the Applications or Warrants).

3.     When I went to serve the Warrants, **Target Device 1** (and **Target Device 2**) were sealed in Evidence Bag A5993642, which had not been opened since

1

MARQUEZ GARCIA's arrest. At that time, I learned that **Target Device 1** is white, not black.

4. In addition, I also learned at the time I went to serve the Warrants that **Target Devices 3** and **4** had not been seized as evidence. I was able to locate **Target Device 3** in MARQUEZ GARCIA's personal property, which had not yet been picked up by Defendant or his representative. I seized **Target Device 3**, and it is being held as evidence. **Target Device 4** has not been located.

5. When I discovered these errors, I contacted the forensic technician and instructed him to perform no work in response to the Warrants. He advised that no work had been performed.

6. For the reasons set forth above and in the Applications, I hereby request that the court issue warrants authorizing law enforcement agents and/or other federal and state law enforcement officers to search the items described in Attachments A-1 through A-3, and seize the items listed in Attachment B, using the methodology described in the Applications.

I swear the foregoing is true and correct to the best of my knowledge and belief.

Jonathan Hutchinson
Special Agent
Homeland Security Investigations
Department of Homeland Security

Subscribed and sworn to before me this **13** day of September, 2019.

The Honorable Linda Lopez
United States Magistrate Judge

2

# ATTACHMENT A-3
## PROPERTY TO BE SEARCHED

The following property is to be searched:

> SIM Card
> ICCID: 8952020218410767287
> (**Target Device 3**);

The **Target Device 3** is currently in the possession of the Department of Homeland Security at 225 Niels Bohr Court, San Diego, California 92154.

## ATTACHMENT B
### ITEMS TO BE SEIZED

Authorization to search the items described in Attachments A-1 through A-3 includes the search of disks, memory cards, deleted data, remnant data, slack space, and/or temporary or permanent files.  The seizure and search of the cellular/mobile telephone and SIM cards shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular/mobile telephone and SIM cards will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of June 4, 2019, to July 4, 2019:

a. tending to indicate efforts to import methamphetamine or some other federally controlled substances from Mexico into the United States;

b. tending to identify accounts, facilities, storage devices, and/or services – such as email addresses, IP addresses, and phone numbers – used to facilitate the importation of methamphetamine or some other federally controlled substances from Mexico into the United States;

c. tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine or some other federally controlled substances from Mexico into the United States;

d. tending to identify travel to or presence at locations involved in the importation of methamphetamine or some other federally controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e. tending to identify the user of, or persons with control over or access to, the **Target Devices**; and/or

f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 21, United States Code, Sections 952 and 960.**

AO 93 (Rev. 12/09) Search and Seizure **NOT FOR PUBLIC VIEW**

## UNITED STATES DISTRICT COURT

for the
Southern District of California

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched* | ) | |
| *or identify the person by name and address)* | ) Case No. | |
| | ) | **19MJ3550** |
| Subscriber Identity Module (SIM) Card | ) | |
| ICCID: 8952020218410767287 | ) | |
| | ) | |

### SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Southern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:
See Attachment A-3.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before _____ 9/4/19 _____
*(not to exceed 14 days)*

☑ in the daytime  6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
Hon. Bernard G. Skomal
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  ☐ for _____ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of _____

Date and time issued:   _8/2./19   1:15 P.M._          _____
                                                          *Judge's signature*

City and state:   San Diego, CA          Hon. Bernard G. Skomal, U.S.Magistrate Judge
                                          *Printed name and title*

*AO 93  (Rev. 12/09) Search and Seizure Warrant (Page 2)*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

| Inventory made in the presence of : |
|---|

| Inventory of the property taken and name of any person(s) seized: |
|---|

| Certification |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date:

*Executing officer's signature*


*Printed name and title*

## ATTACHMENT A-3
PROPERTY TO BE SEARCHED

The following property is to be searched:

> SIM Card
> ICCID: 8952020218410767287
> (**Target Device 3**);

The **Target Device 3** is currently in the possession of the Department of Homeland Security at 9495 Customhouse Plaza, San Diego, California 92154.

**ATTACHMENT B**
ITEMS TO BE SEIZED

Authorization to search the items described in Attachments A-1 through A-4 includes the search of disks, memory cards, deleted data, remnant data, slack space, and/or temporary or permanent files. The seizure and search of the cellular/mobile telephone and SIM cards shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular/mobile telephone and SIM cards will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of June 4, 2019, to July 4, 2019:

a.   tending to indicate efforts to import methamphetamine or some other federally controlled substances from Mexico into the United States;

b.   tending to identify accounts, facilities, storage devices, and/or services – such as email addresses, IP addresses, and phone numbers – used to facilitate the importation of methamphetamine or some other federally controlled substances from Mexico into the United States;

c.   tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine or some other federally controlled substances from Mexico into the United States;

d.   tending to identify travel to or presence at locations involved in the importation of methamphetamine or some other federally controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e.   tending to identify the user of, or persons with control over or access to, the **Target Devices**; and/or

f.   tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 21, United States Code, Sections 952 and 960.**

AO 106 (Rev. 06/09)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

## for the

### Southern District of California

FILED

AUG 2 1 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                          DEPUTY

In the Matter of the Search of

*(Briefly describe the property to be searched
or identify the person by name and address)*

Subscriber Identity Module (SIM) Card
ICCID: 8952020218410767287

)
)
)
)
)

Case No. 19MJ3550

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-3.

located in the _____ Southern _____ District of _____ California _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. 952 and 960 | Importation of Controlled Substances |

The application is based on these facts:
See Affidavit of HSI Special Agent Jonathan Hutchinson, which is hereby incorporated by reference and made part hereof.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jonathan Hutchinson, HSI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____

City and state:  San Diego, CA

*Judge's signature*

Hon. Bernard G. Skomal, U.S. Magistrate Judge
*Printed name and title*

1   **AFFIDAVIT**

2   I, Jonathan Hutchinson, Special Agent with the United States Department of

3   Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland

4   Security Investigations (HSI), being duly sworn, hereby state as follows:

5   **INTRODUCTION**

6   1.   This affidavit supports an application for a warrant to search the following

7   items:

8   One Black Cellular Telephone
    In Evidence Bag A5993642
9   (**Target Device 1**);

10
    Subscriber Identity Module (SIM) Card
11  ICCID: 8952020918614471723
    (**Target Device 2**);
12

13  SIM Card
    ICCID: 8952020218410767287
14  (**Target Device 3**);

15
    SIM Card
16  ICCID: 8952020918310640373
17  (**Target Device 4**);

18  as described in Attachments A-1 through A-4 (incorporated herein by reference), and

19  seize evidence of crimes, specifically, violations of Title 21, United States Code,

20  Section(s) 952 and 960.  This search supports an investigation of RAMON MARQUEZ

21  GARCIA for the crimes mentioned above.  A factual explanation supporting probable

22  cause follows.

23  2.   The **Target Devices** were seized from MARQUEZ GARCIA on July 4,

24  2019, at the time of his arrest at the San Ysidro, California Port of Entry (POE), as he

25  attempted to smuggle methamphetamine into the United States.  The **Target Devices**

26  are currently in the possession of the Department of Homeland Security and is presently

27  stored at 9495 Customhouse Plaza, San Diego, California 92154.

28

1

3.      Based upon my experience and training, and all the facts and opinions set forth in this Affidavit, I believe that there is probable cause to believe that a search of the **Target Devices** as described in Attachments A-1 through A-4 will produce evidence of the aforementioned crimes, as described in Attachment B.

4.      The information contained in this affidavit is based upon my experience and training, consultation with other federal, state, and local law enforcement agents. The evidence and information contained herein was developed from interviews and my review of documents and evidence related to this case. Because this affidavit is made for the limited purpose of obtaining a search warrant for the **Target Devices**, it does not contain all of the information known by me or other federal agents regarding this investigation, but only contains those facts believed to be necessary to establish probable cause. Dates, times, and amounts are approximate.

**EXPERIENCE AND TRAINING**

5.      I am a law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516. I am also a federal law enforcement officer within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am authorized under Rule 41(a) to make applications for search and seizure warrants and to serve arrest warrants. I also am authorized to investigate violations of laws of the United States.

6.      I am a Special Agent (SA) with Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), and have been so employed since April 2017. My duties include, among others, investigating the trafficking of illicit controlled substances and the importation and distribution of illegal substances. Prior to my working at HSI, I was employed as a Special Agent with the Bureau of Alcohol, Tobacco, and Firearms for four years.

7.      I am a graduate of the Federal Law Enforcement Training Center at Glynco, Georgia where I received training in investigating various narcotics-related offenses,

1  including the importation of narcotics and narcotics trafficking.  I have had training in the
2  methods used by controlled substance traffickers to import and distribute drugs and to
3  operate detailed distribution networks.  My training also has included the use of cellular and
4  digital telephones and other electronic devices used by narcotics traffickers in the normal
5  course of their illicit activities.

6        8.    I have arrested or participated in the arrest of numerous persons for violations
7  of the Controlled Substances Act.  In these cases, I have conducted interviews with the
8  arrested persons and their associates, as well as cooperating individuals and informants.  I
9  also have conducted surveillance of narcotics smugglers as they conduct their smuggling
10  activity while crossing the border from Mexico into the United States and while operating
11  inside the United States.  Through these investigative activities, I have gained a working
12  knowledge and insight into the typical activity of narcotics smugglers and the structure of
13  their narcotics smuggling networks.  I also have gained information as to the normal
14  operational habits of persons who make their living as narcotics smugglers.

15        9.    I have also spoken with other agents about their experiences and the results of
16  their investigations and interviews.  I have become knowledgeable of the methods and
17  modes of narcotics operations, including the methods of operation typically used by
18  narcotics traffickers. I have learned that narcotics traffickers often require the use of one or
19  more telephone facilities to negotiate times, places, schemes, and manners for importing,
20  possessing, concealing, manufacturing, and distributing controlled substances and for
21  arranging the disposition of proceeds from the sale of controlled substances.  I also am
22  aware that narcotics traffickers sometimes carry more than one Subscriber Identity Module
23  (SIM) card in order to store information, such as phone numbers, in a way that can be
24  transferred easily between phones.

25       10.    Conspiracies involved in the smuggling and trafficking of narcotics generate
26  many types of evidence including, but not limited to, cellular phone-related evidence such
27  as voicemail messages referring to the arrangements of travel and payment, names,
28  photographs, text messaging, and phone numbers of co-conspirators.  For example, based

1  on my training and experience, I have learned that load drivers smuggling controlled
2  substances across the border are often in telephonic contact with co-conspirators
3  immediately prior to and following the crossing of the load vehicle, at which time they
4  receive instructions on how to cross and where and when to deliver the controlled
5  substances.

6      11.    Based upon my training and experience as a Special Agent, and consultations
7  with law enforcement officers experienced in narcotics trafficking investigations, and all
8  the facts and opinions set forth in this affidavit, I submit the following:

9        a.    Drug traffickers and their accomplices often will use cellular/mobile
10            telephones because they are mobile and they have instant access to telephone
11            calls, text, web, and voice messages.

12        b.    Drug traffickers and their accomplices often will use cellular/mobile
13            telephones because they are able to actively monitor the progress of their
          illegal cargo while the conveyance is in transit.
14

15        c.    Drug traffickers and their accomplices often will use cellular/mobile
16            telephones because they can easily arrange and/or determine what time their
          illegal cargo will arrive at predetermined locations.

17        d.    Drug traffickers often will use cellular/mobile telephones to communicate
18            with drivers, including to direct drivers to synchronize an exact drop off
19            and/or pick up time of their illegal cargo.

20        e.    Drug traffickers often will use cellular/mobile telephones to notify or warn
21            their accomplices of law enforcement activity to include the presence and
22            posture of marked and unmarked units, as well as the operational status of
          checkpoints and border crossings.

23        f.    The use of cellular telephones by drug traffickers and their accomplices tends
24            to generate evidence that is stored on the cellular telephones and SIM cards,
25            including but not limited to emails, text messages, photographs, audio files,
          videos, call logs, address book entries, IP addresses, social network data, and
26            location data.

27      12.    Based upon my training and experience as a Special Agent, and
28  consultations with law enforcement officers experienced in narcotics trafficking

1 investigations, and all the facts and opinions set forth in this affidavit, I know that
2 cellular/mobile telephones and SIM cards can and often do contain electronic records,
3 phone logs and contacts, voice and text communications, and data such as emails, text
4 messages, chats and chat logs from various third-party applications, photographs, audio
5 files, videos, and location data.  This information can be stored within disks, memory
6 cards, deleted data, remnant data, slack space, and/or temporary or permanent files
7 contained on or in the cellular/mobile telephone.  Specifically, I know based upon my
8 training, education, and experience investigating these conspiracies that searches of
9 cellular/mobile telephones and SIM cards yields evidence:

    a.    tending to indicate efforts to import methamphetamine or some other federally controlled substances from Mexico into the United States;

    b.    tending to identify accounts, facilities, storage devices, and/or services–such as email addresses, IP addresses, and phone numbers–used to facilitate the importation of methamphetamine or some other federally controlled substances from Mexico into the United States;

    c.    tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine or some other federally controlled substances from Mexico into the United States;

    d.    tending to identify travel to or presence at locations involved in the importation of methamphetamine or some other federally controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

    e.    tending to identify the user of, or persons with control over or access to, the target devices; and/or

    f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above.

## FACTS SUPPORTING PROBABLE CAUSE

13.  On July 4, 2019, at approximately 1:10 a.m., MARQUEZ GARCIA applied for admission into the United States from Mexico at the San Ysidro, California

Port of Entry as the sole occupant and driver of a Ford Mustang bearing Nevada plates 76B236 (the vehicle). MARQUEZ GARCIA presented his California I.D. card as his entry document to an officer in pre-primary, stated that he had nothing to declare, and said that he was going to work. A canine alerted to the trunk quarter panels, and a density meter returned higher-than-average readings with respect to the driver-side trunk quarter panels. Black packages also were observed behind the rear passenger-side quarter panel as accessed through the trunk. The vehicle was referred to the secondary inspection area.

14. In secondary, a Z Portal scan revealed anomalies within the vehicle's passenger door and both rear quarter panels. A total of 70 packages weighing 34.90 kg (76.95 lbs.) were removed from the quarter panels and passenger door of the vehicle. The packages testified positive for methamphetamine.

15. I responded to the POE and seized the vehicle, drugs, and the **Target Devices**. **Target Device 2** was found inside **Target Device 1**. **Target Devices 3** and **4** were found in MARQUEZ GARCIA's wallet.

16. Based upon my experience investigating drug smuggling, my training, and my consultation with other investigators who have experience investigating drug smuggling near the border, I understand that drug smugglers will seek to smuggle drugs from Mexico into the United States by hiding the drugs in hidden compartments of cars, and in non-factory compartments (*i.e.*, compartments that the manufacturer did not design for ordinary use). Smugglers will then drive north from Mexico and seek to pass through POEs with the drugs undetected. When they arrive in the United States, smugglers often will take the drugs to a discreet location to transfer them to other people involved in the distribution chain who can then send the drugs to other locations for downstream distribution.

17. Given the facts surrounding MARQUEZ GARCIA's arrest, and based upon my experience and training, as well as consultation with other law enforcement officers experienced in drug smuggling investigations, I submit that there is probable

cause to believe that information relevant to the smuggling activities of MARQUEZ GARCIA will be found in the **Target Devices**. Such evidence could be in the form of communications, records, data (including but not limited to emails, text messages, other social messaging applications), photographs, audio files, videos, or location data.

18.    I also know that drug trafficking conspiracies require intricate planning and coordination to successfully evade detection. Based upon my professional training and experience, this planning and coordination often occurs days, weeks, or even months prior to the actual importation of the drugs into the United States. Additionally, co-conspirators are often unaware of a subject's arrest and will continue to attempt to communicate with the subject after the arrest to determine the whereabouts of valuable cargo, particularly in the hours following the arrest. Therefore, I believe that the appropriate date range for the search of the **Target Devices** is from June 4, 2019, up to and including July 4, 2019.

## METHODOLOGY

19.    It is not possible to determine, merely by knowing the cellular/mobile telephone's make, model and/or serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular/mobile devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular/mobile service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular/mobile telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in SIM cards inserted into the device. Current technology provides some solutions for acquiring some of the data

stored in some cellular/mobile telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

20. Following the issuance of this warrant, I will collect the subject cellular/mobile telephone and SIM cards and subject them to analysis. All forensic analysis of the data contained within the telephone and the SIM cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

21. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

**CONCLUSION**

22. Based on all of the facts and circumstances described above, there is probable cause to conclude that MARQUEZ GARCIA used the **Target Devices** to facilitate violations of Title 21, United States Code, Section(s) 952 and 960.

23. Because the **Target Devices** were promptly seized during the investigation of MARQUEZ GARCIA's trafficking activities and have been securely stored, there is probable cause to believe that evidence of illegal activities committed by MARQUEZ GARCIA continues to exist on the **Target Devices**.

24. WHEREFORE, I request that the court issue a warrant authorizing law enforcement agents and/or other federal and state law enforcement officers to search

1   the items described in Attachments A-1 through A-4, and seize the items listed in

2   Attachment B, using the methodology described above.

3

4   I swear the foregoing is true and correct to the best of my knowledge and belief.

5

6

7                                   Jonathan Hutchinson

8                                   Special Agent

                                  Homeland Security Investigations

9                                   Department of Homeland Security

10   Subscribed and sworn to before me this _____ 2/ _____ day of August, 2019.

11

12

13

14   _____

15   The Honorable Bernard G. Skomal

    United States Magistrate Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

## ATTACHMENT A-1
### PROPERTY TO BE SEARCHED

The following property is to be searched:

> One Black Cellular Telephone
> In Evidence Bag A5993642
> (**Target Device 1**);

The **Target Device 1** is currently in the possession of the Department of Homeland Security at 9495 Customhouse Plaza, San Diego, California 92154.

## ATTACHMENT A-2
PROPERTY TO BE SEARCHED

The following property is to be searched:

SIM Card
ICCID: 8952020918614471723
(**Target Device 2**);

The **Target Device 2** is currently in the possession of the Department of Homeland Security at 9495 Customhouse Plaza, San Diego, California 92154.

## ATTACHMENT A-3

PROPERTY TO BE SEARCHED

The following property is to be searched:

> SIM Card
> ICCID: 8952020218410767287
> (**Target Device 3**);

The **Target Device 3** is currently in the possession of the Department of Homeland Security at 9495 Customhouse Plaza, San Diego, California 92154.

## **ATTACHMENT A-4**
PROPERTY TO BE SEARCHED

The following property is to be searched:

        SIM Card
        ICCID: 8952020918310640373
        **(Target Device 4)**;

The **Target Device 4** is currently in the possession of the Department of Homeland Security at 9495 Customhouse Plaza, San Diego, California 92154.

## ATTACHMENT B
ITEMS TO BE SEIZED

Authorization to search the items described in Attachments A-1 through A-4 includes the search of disks, memory cards, deleted data, remnant data, slack space, and/or temporary or permanent files.  The seizure and search of the cellular/mobile telephone and SIM cards shall follow the search methodology described in the affidavit submitted in support of the warrant.

The evidence to be seized from the cellular/mobile telephone and SIM cards will be electronic records, communications, and data such as emails, text messages, chats and chat logs from various third-party applications, photographs, audio files, videos, and location data, for the period of June 4, 2019, to July 4, 2019:

a.    tending to indicate efforts to import methamphetamine or some other federally controlled substances from Mexico into the United States;

b.    tending to identify accounts, facilities, storage devices, and/or services – such as email addresses, IP addresses, and phone numbers – used to facilitate the importation of methamphetamine or some other federally controlled substances from Mexico into the United States;

c.    tending to identify co-conspirators, criminal associates, or others involved in importation of methamphetamine or some other federally controlled substances from Mexico into the United States;

d.    tending to identify travel to or presence at locations involved in the importation of methamphetamine or some other federally controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

e.    tending to identify the user of, or persons with control over or access to, the **Target Devices**; and/or

f.    tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data involved in the activities described above;

**which are evidence of violations of Title 21, United States Code, Sections 952 and 960.**